IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FORKU AKWESHI RODRIGUE PETITIONER

V. CIVIL NO. 5:26-cv-00415-DCB-BWR

RAFAEL VERGARA RESPONDENT

REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed by Forku Akweshi Rodrigue, a former immigration detainee, and Respondent's Motion to Dismiss for Mootness [4]. Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 in April 2026 requesting immediate release from Immigration and Customs Enforcement ("ICE") detention. Pet. [1] at 7.

Respondent's Motion to Dismiss provides that "[a]ccording to the Department of Homeland Security ("DHS"), Rodrigue was removed from the United States on June 24, 2026." Mot. [4] at 1. Attached to the Motion to Dismiss is ICE Form I-205 which shows that Petitioner departed by a flight from Hartsfield Jackson International Airport on June 24, 2026. I-205 [4-2] at 1.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" *Id.* The "[m]ootness doctrine requires that,

to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit." *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot)(quoting *Lewis,* 494 U.S. at 477-48).

The Petition is moot because the relief the Petition requests – release from ICE detention – has occurred. *See Lane v. Williams,* 455 U.S. 624, 631, (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."); *Nieto-Ramirez v. Holder,* 583 F. App'x 330, 331-32 (5th Cir. 2014) (finding immigration detainee's "habeas petition is moot because her claimed grounds for relief go only to her detention under 8 U.S.C. § 1226(c), not to the underlying removal proceeding or its collateral consequences."); *Ortez v. Chandler,* 845 F.2d 573, 575 (5th Cir. 1988) (finding where habeas relief "can no longer be effected," no "case or controversy" remains); *Reyes v. Gillis*, No. 5:20-CV-70-DCB-MTP, 2020 WL 3105961, at *1 (S.D. Miss. May 5, 2020), report and recommendation adopted, No. 5:20-CV-70-DCB-MTP, 2020 WL 3104532 (S.D. Miss. June 11, 2020) ("Because the only relief Petitioner seeks is his release from immigration custody, his Petition [1] became moot upon his release into the United States on conditions of supervision, which terminated his immigration detention."). The Petition no longer presents a live case or controversy for purposes of satisfying Article III.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss for Mootness [4] be granted and the Petition [1] dismissed without prejudice for lack of jurisdiction because it is moot.

## NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this 17th day of August 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE